UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HEMLOCK SEMICONDUCTOR
CORPORATION,

                    Plaintiff,                                  Case No. 13-11881
                                                        Honorable Thomas L. Ludington

v.

GLOBAL SUN LIMITED and
ISOFOTON, S.A.,

                    Defendants.

_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
SUPPLEMENTAL SUGGESTION OF BANKRUPTCY, LIFTING STAY AS TO
GLOBAL SUN LIMITED AND DIRECTING SERVICE**

On April 26, 2013, Hemlock Semiconductor Corporation (Hemlock) filed a complaint against Global Sun Limited (Global Sun), a Maltese corporation, and Isofotón S.A. (Isofotón), a Spanish corporation.  Pl.'s Compl. ¶¶ 2, 3, ECF No. 1.  Hemlock asserts that these two parties breached their obligations under two supply agreements.

On November 6, 2013, Isofotón filed a supplemental suggestion of bankruptcy, emphasizing that it "has a foreign insolvency proceeding pending in . . . Malaga, Spain." Isofotón Supp. Br. 1, ECF No. 27.  Isofotón indicates that the United States Bankruptcy Court for the Northern District of Ohio has "entered an order granting recognition to Isofotón's foreign insolvency proceeding," and that this order "gives rise to the protections of the stay under Section 362 of the Bankruptcy Code."  *Id*. at 1–2.  According to Isofotón, "the Recognition Order bars any further proceedings against [it]," as well as barring "[Hemlock] from proceeding against Isofotón's co-defendant Global Sun Limited."  *Id*. at 2.

Hemlock does not contest Isofotón's assertion that the Bankruptcy Court's recognition order provides for a stay of any claims against Isofotón; Hemlock does dispute, however, whether that stay is also applicable to Global Sun. Upon review, Isofotón's suggestion of bankruptcy will be denied as it applies to Global Sun, and Hemlock will be allowed to pursue its claims against Global Sun in this action.

# I

## A

Between 2005 and 2008, Hemlock entered into two long term supply agreements with Lionberg & Company, Ltd. (Lionberg), which Lionberg then "transferred and assigned to Global Sun," effective June 1, 2008. Pl.'s Compl. ¶ 13. Isofotón acted as a guarantor for the first supply agreement at the time Lionberg entered into it, and continued to act as guarantor when Global Sun assumed Lionberg's duties under the contract. For its part, Isofotón agreed to pay Lionberg's obligations (and then Global Sun's) "upon receipt of a written demand therefore, without any withholding, deduction, defense, counterclaim or set-off for any reason or on any account whatsoever." Isofotón acted in conjunction with another guarantor, and assumed responsibility for 33.3 percent of any obligations that came due.

After they were assumed by Global Sun, the two supply agreements required it to "take or pay" for specified amounts of polycrystalline silicon, a product that Hemlock manufactures. *Id*. ¶ 14. Under the supply agreements, "Global Sun [was] required to pay the full purchase price for the Product scheduled to be purchased each year, regardless of whether Global Sun actually [took] delivery of the Product." *Id*.

Hemlock alleges that Global Sun and Isofotón did not satisfy their obligations under the supply agreements. In a January 12, 2012 letter, Hemlock notified Global Sun of "15 past-due

invoices under the two Supply Agreements" as well as "Global Sun's failure to take Products required to be taken or paid for in 2011 under the Supply Agreements." *Id*. ¶ 18.  The same day, Hemlock sent Isofotón a letter notifying it, as Guarantor, "of Global Sun's defaults under Supply Agreement I . . . ." *Id*. ¶ 19.

As of March 26, 2013, the defects had not been cured.  At that point, Hemlock demanded "payment in full of all amounts" owed under the two long term supply agreements: "$163,113,050.00 in connection with Supply Agreement I and $129,064,923.80 in connection with supply Agreement II." *Id*. ¶ 21.  Hemlock also notified Isofotón on March 26, 2013, that it was responsible "as Guarantor of 33.3 percent of Global Sun's obligations under Supply Agreement I, in the amount of $54,316,645.65." *Id*. ¶ 22.  When Hemlock received no response from either party, it filed this action.

**B**

Isofotón filed a petition for voluntary bankruptcy in Spain on June 4, 2013.  Pl.'s Resp. 3, ECF No. 29.  According to Hemlock, "six days later, the Spanish court declared Isofotón insolvent and appointed a bankruptcy administrator." *Id*. (citation omitted).  On September 26, 2013, Isofotón sought Chapter 15 recognition of the Spanish bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Ohio.  In anticipation of the Bankruptcy Court's recognition determination, this Court stayed the case on October 23, 2013. *See* Oct. 23, 2013 Order, ECF No. 26.

The same day, the Bankruptcy Court issued an order granting recognition of Isofotón's foreign bankruptcy proceeding.  Order 1, *In re Isofotón, S.A.*, No. 13-33826 (Bankr. N.D. Ohio Oct. 23, 2013), *attached as* Isofotón Supp. Br. Ex. 4.  Two weeks later, on November 6, 2013, Isofotón filed its supplemental suggestion of bankruptcy, arguing that the Bankruptcy Court's

recognition of the Spanish proceeding stays this case against both Isofotón and Global Sun. Hemlock, on the other hand, argues that the stay should apply to Isofotón alone.

## II

Section 1520 of the Bankruptcy Code governs the effects of recognizing a foreign bankruptcy proceeding. *See* 11 U.S.C. § 1520. It provides that "[u]pon recognition of a foreign proceeding" section 362 of the Bankruptcy Code "appl[ies] with respect to the debtor . . . ." § 1520(a)(1). Section 362 establishes that a voluntary petition for bankruptcy automatically "operates as a stay" of the continuation of any judicial proceeding "to recover a claim against the debtor that arose before the commencement" of the bankruptcy case. 11 U.S.C. § 362(a)(1). Accordingly, because the Bankruptcy Court for the Northern District of Ohio recognized Isofotón's voluntary Spanish proceeding, § 362 applies to foreclose Hemlock's claims against Isofotón. *See, e.g., In re ABC Learning Ctrs. Ltd.*, 445 B.R. 318, 336 (Bankr. D. Del. 2010) ("Pursuant to § 1520, recognizing the Liquidation Proceedings as foreign main proceedings triggers the automatic stay of § 362."); *see also* Pl.'s Resp. 3–4 ("The Supplemental Suggestion informed the Court that the Spanish proceeding had been recognized, and as such, the automatic stay of §362 'bars any further proceedings against Isofotón.'").

The question remains, however, whether § 362 also applies to bar Hemlock's claims against Global Sun.

## III

In 1983, the Sixth Circuit noted that § 362(a) "facially stays proceedings 'against the debtor' and fails to intimate, even tangentially, that the stay could be interpreted as including any defendant other than the debtor." *Lynch v. Johns-Manville Sales Corp.*, 710 F.2d 1194, 1196 (6th Cir. 1983). The court also noted that "[i]t is universally acknowledged that an automatic

stay of proceeding accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the Chapter 11 debtor." *Id.* (collecting cases).

In the more recent case of *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299 (6th Cir. 2000), the Sixth Circuit established that extension of the automatic stay provision of § 362 to non-debtors can be justified in "unusual circumstances." *Id.* at 314 (quoting *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 861 (6th Cir. 1992)). Absent unusual circumstances, however, the stay "does not extend . . . to separate legal entities such as corporate affiliates, partners in debtor partnerships, or to codefendants in pending litigation." *Parry*, 236 F.3d at 314 (quoting *Patton v. Bearden*, 8 F.3d 343, 349 (6th Cir. 1993)).

But it is important to note that in the Sixth Circuit, before a party may move a district court to extend the automatic stay under § 362 to non-debtor codefendants, that party must first affirmatively seek an order from the bankruptcy court; the bankruptcy court has authority to extend the protections of § 362(a) pursuant to its equity powers under § 105 of the Bankruptcy Code. As the Sixth Circuit explained in *Patton* when addressing whether to extend an automatic stay, "the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction pursuant to 11 U.S.C. § 105." 8 F.3d at 349.

When addressing the same situation—where a party moved for an extension of the automatic stay without first having done so in bankruptcy court—this Court declined to extend § 362 to solvent codefendants based on the reasoning set forth in *Patton*. *See Straney v. Gen. Motors Corp.*, No. 06-12152, 2006 WL 2911452, at *4 (E.D. Mich. Oct. 6, 2006) ("If GM believes the instant action should be stayed, either GM or Delphi should seek such relief in the bankruptcy court where Delphi's Chapter 11 case is pending."). Numerous other courts have

come to the same conclusion.  *See*, *e.g.*, *C.H. Robinson Co. v. Paris & Sons, Inc.*, 180 F. Supp. 2d 1002, 1018 (N.D. Iowa 2001) ("The party seeking to invoke an extension of the stay must affirmatively seek an order from the bankruptcy court, which has authority to extend the protections of 362(a) pursuant to its equity powers under section 105."); *In re Aldan Indus., Inc.*, 2000 WL 357719, at *8 (Bankr. E.D. Penn. Apr. 3, 2000) (foreclosing extension of automatic stay to non-debtor codefendant where "relief has not been sought under § 105" in the bankruptcy court); *555 M Mfg., Inc. v. Calvin Klein, Inc.*, 13 F. Supp. 2d 719, 722 (N.D. Ill. 1998) (refusing to extend stay to solvent codefendant where debtor did not request extension of stay and bankruptcy court did not grant one); *In re Bidermann Indus. U.S.C., Inc.*, 200 B.R. 779, 782 (Bankr. S.D.N.Y. 1996) ("section 362(a)(1) does not apply automatically to stay actions against non-debtors.  The debtor must obtain a stay order from the bankruptcy court, and until it does, the action against the non-debtor may proceed."); *In re All Seasons Resorts, Inc.*, 79 B.R. 901, 903 (Bankr. C.D. Cal. 1987) ("the extension of § 362 does not occur automatically in this instance, but requires the filing of an appropriate adversary proceeding under § 105 and § 362 to achieve the desired result.").

The docket related to Isofotón's bankruptcy action reflects two motions for relief from the automatic stay filed by three creditors (one on behalf of Air Force One, Inc. and one on behalf of both Ohio Development Services Agency and Ohio Air Quality Development Authority), but no motions by either Isofotón or Global Sun to extend § 362(a) protection to Global Sun, a solvent codefendant in this case.  Because such an extension has not been sought in the Bankruptcy Court, this Court is without power to grant one.  *See Patton*, 8 F.3d at 349.  As a result, the automatic stay provided by § 362 of the Bankruptcy Code will not be extended to Global Sun (although it will foreclose Hemlock's claims against Isofotón).

**IV**

Accordingly, it is **ORDERED** that Isofotón's supplemental suggestion of bankruptcy, ECF No. 27, is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that the stay imposed by the Court on October 23, 2013, is **LIFTED** as it relates to Global Sun.

It is further **ORDERED** that Hemlock is **DIRECTED** to serve a copy of this Opinion and Order on Isofotón and Global Sun, and then file proof of service on the docket.

Dated: April 15, 2014                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 15, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

- 7 -